UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RUSSELL DICKINSON                                    CIVIL ACTION

VERSUS

JOHN PHAM, ET AL.                                    NO. 21-00434-BAJ-SDJ

RULING AND ORDER

Before the Court is Plaintiff's **Motion For Entry Of Default Judgment (Doc. 19)**. The motion is unopposed. For reasons to follow, the motion will be **GRANTED IN PART** and **DENIED IN PART**.

I. FACTUAL AND PROCEDURAL BACKGROUND

A. Alleged Factual History

In his Complaint (Doc. 1), Motion for Entry of Default Judgment (Doc. 19), affidavit (Doc. 19-2), and related attachments, Plaintiff asserts that Defendants John Pham and AE Constructions, Inc. defrauded him of $806,000.00 and failed to repay him following his real estate investment into the renovation and resale of homes damaged in the 2016 Baton Rouge floods.

On January 29, 2018, Plaintiff and Defendants entered into a contract, wherein Plaintiff agreed to invest $50,000.00 with Defendants to fund a purported real estate development in Baton Rouge. (Docs. 1, ¶¶ 7, 10; 19-2, ¶ 4). The funds would be used to buy flood-damaged properties for refurbishment and resale. (Doc. 1, ¶ 10). In return, Defendants agreed to repay Plaintiff's investment, plus 12% interest.

1

(Doc. 1-1, pp. 1–3). Defendants repaid the investment in full, including a 12% return of $6,000. (Docs. 1, ¶ 8; 19-2, ¶ 5).

From February 6, 2018, through June 11, 2019, over thirteen separate payments, following cries for additional funds from Defendants, Plaintiff transferred an additional total amount of $806,000.00 to Defendants. (Docs. 1, ¶¶ 11–17; 19-2, ¶¶ 6–16). In the following months, Plaintiff requested repayment from Defendants multiple times. (Docs. 1, ¶¶ 18–23; 19-2, ¶¶ 17–23). Defendants repeatedly assured Plaintiff that repayment would be made, until, at the end of January 2021, Defendants ceased communications with Plaintiff. (Docs. 1, ¶¶ 20–24; 19-2, ¶¶ 17–23).

**B. Procedural History**

Plaintiff filed suit on July 27, 2021. (Doc. 1). Plaintiff alleged eight causes of action, including: (1) breach of contract, (2) conversion, (3) wrongful acts, (4) negligence, (5) fraud, (6) unfair and deceptive trade practices, (7) detrimental reliance, and, in the alternative, (8) unjust enrichment. (Doc. 1, ¶¶ 33–101).

The Complaint was served on AE Constructions on August 6, 2021. (Doc. 4). John Pham was served with the Complaint on November 24, 2021. (Doc. 7). Plaintiff filed his Motions for Clerk's Entry of Default against AE Constructions and John Pham on November 29, 2021, and February 2, 2022, respectively. (Docs. 8, 13). The Clerk entered default against Defendants on December 1, 2021, and February 3, 2022, respectively. (Docs. 9, 14).

Plaintiff filed the instant motion on March 25, 2022. To date, neither

2

Defendant has filed an answer, opposition, or other response in this matter.

II.   **LAW AND ANALYSIS**

   **A. Standard**

The United States Court of Appeals for the Fifth Circuit has adopted a three-step process to obtain a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the Clerk when the default is shown "by affidavit or otherwise." *See id.* Third, a party may apply for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life*, 84 F.3d at 141.

After a party files for a default judgment, the Court applies a two-part analysis to determine whether a final default judgment should be entered. First, the Court considers whether the entry of default judgment is appropriate based on the factors set forth in *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). These factors are: (1) whether there are material issues of fact at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default have been clearly established, (4) whether the default was caused by excusable neglect or good faith mistake, (5) the harshness of the default judgment, and (6) whether the court would think itself obliged to set aside the default on a motion for relief from the judgment. *Id.*

Second, the Court assesses the merits of the action to determine whether the plaintiff has a claim for relief. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.

2d 1200, 1206 (5th Cir. 1975); *Reyes v. VH Acoustic Ceilings, LLC,* No. 18-cv-00790, 2020 WL 504659, at *2 (M.D. La. Jan. 31, 2020) (Jackson, J.).

## B. Discussion

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Reyes*, 2020 WL 504659, at *2 (citing *Lindsey*, 161 F.3d at 893). Here, however, Plaintiff's Complaint remains unanswered, the Clerk of Court has entered default against both Defendants, and Plaintiff has filed a motion for default judgment. Thus, the procedural requirements for default judgment have been satisfied, *New York Life*, 84 F.3d at 141, and the Court may turn to the merits of Plaintiff's request.

### 1. *Lindsey* Factors

All *Lindsey* factors plainly favor entry of default judgment in Plaintiff's favor.

First, there are no material facts in dispute because neither Defendant filed an answer disputing the statements of fact by Plaintiff in his Complaint. Second, Defendants would not be unduly prejudiced by a default judgment because there has been ample opportunity to respond to Plaintiff's Complaint. Third, the grounds for granting a default judgment against any potential claimants are clearly established by this action's factual and procedural history and the Clerk's entry of default. Fourth, there is no evidence before the Court that default was caused by excusable neglect or good faith mistake. Fifth, a default judgment would not be unduly harsh to Defendants because Defendants were provided sufficient notice and opportunity to file an answer or opposition to Plaintiff's Complaint. Finally, there has been no

showing of any facts that would lead the Court to anticipate that it may set aside a default judgment if Defendants appear and contest the default judgment.

### 2. Sufficiency of the Pleadings

The Court must also assess the merits of Plaintiff's claims to determine whether Plaintiff's Complaint establishes a viable claim for relief. *Nishimatsu Constr. Co.*, 515 F. 2d at 1206.

From the face of Plaintiff's Complaint, jurisdiction is satisfied under 28 U.S.C. § 1332 because it involves a dispute between residents of different states and involves more than $75,000.00. (Doc. 1, ¶ 5). Venue is proper because Defendants reside in this district, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, and a substantial part of the subject property is located in this district. (Doc. 1, ¶ 6).

As noted, Plaintiff claims (1) breach of contract, (2) conversion, (3) wrongful acts, (4) negligence, (5) fraud, (6) unfair and deceptive trade practices, (7) detrimental reliance, and, in the alternative, (8) unjust enrichment. (Doc. 1, ¶¶ 33–101).

#### a. *Breach of Contract*

Under Louisiana law, Plaintiff must prove three elements to succeed on a breach of contract claim: (1) that the obligor undertook an obligation to perform; (2) that the obligor failed to perform the obligation; and (3) that the failure to perform the obligation resulted in damages to Plaintiff. *Central Facilities Operating Co., L.L.C. v. Cinemark USA, Inc.*, 36 F. Supp. 3d 700, 712 (M.D. La. 2014).

Louisiana Civil Code article 1927 provides that "[u]nless the law prescribes a

5

certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent." When the price or value of the contract is more than $500, "the contract must be proved by at least one witness and other corroborating circumstances." La. Civ. Code art. 1846.

While Plaintiff may serve as a witness in support of his claim, the other corroborating circumstances must come from another source. *See Steve Owens Construction, Inc. v. Bordelon*, 243 So. 3d 601, 605 (La. App. 1 Cir. 2018); *Louisiana Weld & Press, L.L.C. v. Loupe Const.*, 31 So. 3d 467, 472 (La. App. 5 Cir. 2010). Plaintiff need not offer independent proof of every detail—general corroboration is sufficient. *Steve Owens Construction, Inc.*, 243 So. 3d at 605; *Peter Vicari General Contractor, Inc. v. St. Pierre*, 831 So. 2d 296, 301 (La. App. 5 Cir. 2002). The question of whether the evidence presented is sufficient to corroborate a claim under La. Civ. Code art. 1846 is a finding of fact. *See Gulf Container Repair Services, Inc. v. FIC Business & Financial Centers, Inc.*, 735 So. 2d 41, 43 (La. App. 5 Cir. 1999); *Pennington Const. Inc. v. R A Eagle Corp.*, 652 So. 2d 637 (La. App. 1 Cir. 1995); *Lee Eyster & Associates, Inc. v. Favor*, 504 So. 2d 580 (La. App. 4 Cir. 1987).

Plaintiff alleges that, on January 29, 2018, the parties agreed that Plaintiff would loan Defendants $50,000 to fund their real estate development plans. (Docs. 1, ¶¶ 7, 10; 19-2, ¶¶ 2–4). Defendants agreed to repay Plaintiff the principal amount, plus 12% interest, and Plaintiff received this payment from Defendants. (Docs. 1-1, pp. 1–3; 19-2, ¶ 5).

Following this first successful funding, Defendants informed Plaintiff that they needed additional funds to pay for more real estate development. (Docs. 1, ¶¶ 11–17; 19-2, ¶ 6). Defendants orally agreed to repay Plaintiff the amounts he invested, plus 12% interest, under the terms of their prior agreement. (Doc. 19-2, ¶¶ 6–17). Over the course of a year and a half, Plaintiff sent $806,000 more to Defendants, without repayment from Defendants. (Doc. 19-2, ¶ 16, 20).

Under this purported agreement, Defendants agreed to repay Plaintiff $806,000, plus 12% interest, and have failed to do so. (Docs. 1, ¶¶ 11–17; 19-2, ¶¶ 6–24). Such a failure is a clear breach of the parties' agreement.

Finally, Plaintiff suffered damages, thereby satisfying the third element required to prove breach of contract. Plaintiff has suffered damages from both the unreturned $806,000 loaned to Defendants along with the 12% interest return on his investment promised by Defendants.

Because Plaintiff has satisfied all three elements for breach of contract under Louisiana law, Plaintiff is entitled to a final default judgment in his favor, against Defendants, in the amount of $806,000.00, plus 12% interest.

### b. *Conversion*

To prevail on a claim of conversion under Louisiana law, Plaintiff must prove (1) that he owned or had the right to possess; (2) Defendants' use was inconsistent with Plaintiff's right of ownership; and (3) Defendants' use constituted a wrongful taking. *Richardson v. Cella*, 1 F. Supp. 3d, 484, 499–500 (E.D. La. 2014) (Fallon, J.).

The alleged conduct clearly satisfies the elements of conversion. Plaintiff was

the owner and had a right to possess the funds that he loaned to Defendants. (Doc. 1-3, pp. 11–19). After Plaintiff's transfers of the funds to Defendants, as alleged, Defendants wrongfully took Plaintiff's investments in derogation of Plaintiff's ownership rights. Defendants taking of the funds and refusing to repay them amounted in a misuse of Plaintiff's rights. Finally, Defendants actions constituted a wrongful taking of Plaintiff's funds.

Plaintiff suffered a loss of $806,000 as a direct and proximate result of the wrongful acts of Defendants. Accordingly, Plaintiff is entitled to a final default judgment in his favor, against Defendants, on his conversion claim in the total principal amount of $806,000.00, plus legal interest from the date of Plaintiff's demand.

## c. *Wrongful Acts*

While originally pled by Plaintiff in his Complaint, Plaintiff does not assert a claim of wrongful acts by Defendants in the instant Motion For Entry Of Default Judgment. As such, the Court need not address it.

## d. *Negligence*

Louisiana employs the duty-risk analysis standard when determining "whether to impose liability [for negligent misrepresentation]." *USAA Life Ins. Co. v. Pourciau*, No. 3:19-CV-259-JWD-EWD, 2022 WL 135421 at *3, (M.D. La. Jan. 13, 2022) (deGravelles, J.) (citing *Lemann v. Essen Lane Daiquiris*, 923 So. 3d 627, 632–33 (La. 2006)). Under the duty-risk standard, Plaintiff must prove the following five elements: (1) Defendants had a duty to conform his conduct to a specific standard (the

duty element); (2) Defendants' conduct failed to conform to the appropriate standard (the breach element); (3) Defendants' substandard conduct was a cause in fact of Plaintiff's injuries (the cause-in-fact element); (4) Defendant's substandard conduct was a legal cause of Plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element). *Id.*

Plaintiff has alleged a prima facie claim for negligent misrepresentation against Defendants. Defendants had a legal duty to exercise reasonable care by not supplying false or incorrect information to Plaintiff. *See Campo v. BP America, Inc.*, No. CV 11-2588, 2012 WL 1978283 at *4, (E.D. La. June 1, 2012). Defendants breached that duty by making untrue representations with actual or constructive knowledge that Plaintiff would change his position in reasonable reliance on their representations. (Doc. 1, ¶¶ 8–17). Defendants' conduct was both a cause in fact and legal cause of Plaintiff's alleged injuries by directly and proximately causing his damages. Accordingly, Plaintiff is entitled to a final default judgment in his favor, against Defendants, on his negligence claim in the total principal amount of $806,000.00, plus legal interest from the date of demand.

### e. *Fraud*

Under Louisiana law, the elements of fraud are: (1) a misrepresentation of material fact; (2) made with the intent to deceive; (3) the misrepresentation was made to obtain some unjust advantage or to cause loss or inconvenience to the other; (4) causing justifiable reliance with resulting injury. La. Civ. Code art. 1953; *Hemminger v. Sanders Mobile Homes, Parts Sales & Services, Inc.*, 11-406-JJB-SCR, 2012 WL

13001894 at *2, (M.D. La. May 18, 2012) (Brady, J.). Plaintiff must also allege the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained. *See* Fed. R. Civ. P. 9.

Plaintiff's Complaint and Affidavit provide a timeline of Defendants' alleged intentional misrepresentations from January 2018 to January 2021. (Docs. 1, ¶¶ 10–23, 60; 19-2, ¶¶ 16–24). Defendants falsely represented to Plaintiff that they would use his investment to refurbish and sell residential properties in Baton Rouge. (Docs. 1, ¶ 10; 19-2, ¶ 3). Defendants failed to disclose that the property was the subject of a payment dispute between a contractor and other parties related to Defendants. (Doc. 1, ¶ 26). Defendants informed Plaintiff that they needed him to invest additional funds to fix and to purchase new breaker panels for the property, when in fact no such need existed. (Docs. 1, ¶¶ 11–12; 19-2, ¶ 6). Defendants also falsely told Plaintiff that they needed additional investment funds to acquire properties in Austin, Texas. (Doc. 1, ¶¶ 13–16). Defendants continuously misrepresented to Plaintiff that they would repay him his investment, plus an interest return. (Docs. 1, ¶¶ 18, 20, 23; 19-2, ¶¶ 19–24). Yet, Defendants still have not paid Plaintiff, clearly refusing to do so. Plaintiff has satisfied his burden of showing that Defendants made each representation knowing that they were false.

Plaintiff reasonably relied upon the affirmative misrepresentations and intentional omissions by Defendants. Plaintiff's reasonable reliance is supported by the fact that Defendants promptly return Plaintiff's first investment of $50,000, plus

a $6,000 interest return. (Docs. 1-1, p. 4; 19-2, ¶¶ 4–5). Plaintiff reasonably relied on the success of his initial investment as proof that Defendants would honor the agreement in subsequent investment dealings. In addition, Defendants provided Plaintiff with specific documentation regarding the purported investment properties in Baton Rouge and Austin. (Docs 1-2; 1-3, pp. 1–10).

Plaintiff suffered injuries amounting to $806,000.00, plus interest. In addition, Plaintiff is entitled to damages, attorneys' fees, and rescission of the oral contract because he was fraudulently induced by Defendants to enter into the contract. *See* La. Civ. Code art. 1958.

### f. *Unfair and Deceptive Trade Practices*

The Louisiana Unfair Trade Practices Act ("LUTPA") provides a private right of action to any person injured by "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." La. R.S. §§ 51:1405(A), 51:1405A. Plaintiff must satisfy a two-prong test to sufficiently plead a LUTPA cause of action. "(1) [T]he person must suffer an ascertainable loss; and (2) the loss must result from another's use of unfair methods of competition and unfair or deceptive acts or practices." *Express Lien, Inc. v. Handle, Inc.*, 19-10156, 2021 WL 2537032 at *3, (E.D. La. June 21, 2021) (Milazzo, J.) (citing *Cheramie Serv., Inc. v. Shell Deepwater Prod., Inc.*, 35 So. 3d 1053, 1057 (La. 2010)). "A practice is 'unfair' when it offends established public policy and when the practice is unethical, oppressive, unscrupulous or substantially injurious." *NOLA 180 v. Treasure Chest Casino, LLC*, 91 So. 3d 446, 449 (La. App. 5 Cir. 2012). "[T]he range of prohibited

practices under LUTPA is extremely narrow, and there is a great deal of daylight between a breach of contract claim and the egregious behavior the statute proscribes." *Cargill, Inc. v. Degesch America, Inc.*, 875 F. Supp. 2d 667, 677 (E.D. La. 2012) (quotations and citations omitted).

Plaintiff has clearly satisfied the two-prong test to sufficiently plead a claim under LUTPA. Defendants, as alleged, intentionally deceived Plaintiff into trusting them by providing Plaintiff with a repayment and interest return on one loan and documents related to their purported real estate developments in Baton Rouge and Austin. (Docs 1-1, p. 4; 1-2; 1-3, pp. 1–10; 19-2, ¶ 4–5). Defendants also continuously misled Plaintiff by promising that repayment would be made. (Docs. 1, ¶¶ 18, 20, 23; 19-2, ¶ 17). Defendants' scheme to defraud Plaintiff of large amounts of funds clearly falls within the unethical, unscrupulous, and substantially injurious conduct contemplated by LUTPA.

Plaintiff, as a direct and proximate result of the intentionally unfair and deceptive conduct of Defendants, has suffered damages in the amount of $806,000.00, plus the agreed-upon return amount. The Court will address Plaintiff's request for treble damages under LUTPA *infra*.

### g. Detrimental Reliance

Under Louisiana law, a party must prove three elements to establish detrimental reliance: (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance. *Sadeghi v. Aetna Life Ins. Co.*, 564 F. Supp. 3d 429, 460 n.226 (M.D. La. 2021).

Plaintiff has sufficiently pleaded that he reasonably relied on Defendants' representations that they would repay him for the amount of his investment, plus a return on that investment, (Docs. 1, ¶¶ 11–17), and the evidence supports this assertion. As noted, Plaintiff initially invested $50,000 with Defendants and was promptly repaid that amount and a $6,000 return. (Docs. 1, ¶ 8; 19-2, ¶¶ 4–5). Further, Defendants provided Plaintiff with specific documentation about the purported real estate investment properties in Baton Rouge and Austin. (Docs. 1-2, 1-3, pp. 1–10). Obviously, Plaintiff's subsequent loss of $806,000 was to his detriment. Accordingly, Plaintiff is entitled to recover his $806,000.00, plus the agreed-upon substantial return, and legal interest from the date of demand.

### h. *Unjust Enrichment*

Plaintiff also alleges unjust enrichment if the Court finds that no other remedy at law is available to him. However, as the Court has found that Plaintiff has satisfied his other alleged causes of action, the Court need not address this issue.

### 3. Damages

A defaulting defendant "concedes the truth of the allegations of the Complaint concerning defendant's liability, but not damages." *Ins. Co. of the W. v. H & G Contractors, Inc.*, 2011 WL 4738197, *4 (S.D. Tex., Oct. 5, 2011). A court's award of damages in a default judgment must be determined after a hearing, unless the amount claimed can be demonstrated "by detailed affidavits establishing the necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). If a court can mathematically calculate the amount of damages based on the

pleadings and supporting documents, a hearing is unnecessary. *Joe Hand Promotions, Inc. v. Alima*, No. 3:13–CV–0889–B, 2014 WL 1632158, at *3 (N.D. Tex. Apr. 22, 2014) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

Here, Plaintiff asserts total damages of $2,708,160.000. This total amount stems from $806,000.00 in funds invested by Plaintiff with Defendants; an interest return of $290,160.00 equal to an annual 12% return on Plaintiff's investment as agreed by the parties; and treble damages under LUTPA totaling $1,612,000.00. (Doc. 19, p. 19-1). In addition, Plaintiff seeks attorneys' fees and legal interest from the date of demand. (Doc. 19, p. 19-1).

Here, Plaintiff has sufficiently alleged a transfer of funds totaling $806,000.00 to Defendants relating to his investment amount. In addition, Plaintiff has provided the contract between the parties, which reflects that Defendants agreed to repay Plaintiff 12% interest on his principal sum. As such, the Court **GRANTS** Plaintiff's damages request insofar as it relates to his principal investment amount plus the agreed-upon 12% interest, totaling $1,096,160.00. In addition, the court **GRANTS** Plaintiff's request as it relates to legal interest from the date of demand. Regarding the request for reasonable attorneys' fees, the Court will withhold judgment on any specific amount to be awarded pending further submissions to the Court.

Regarding Plaintiff's request for treble damages, LUTPA requires treble damages to be awarded "[i]f the court finds the unfair or deceptive method, act, or practice was knowingly used [by Defendant(s)], *after being put on notice by the attorney general*." La. R.S. § 51:1409(A) (emphasis added). Courts have routinely held

that mere notice by a plaintiff to the Attorney General of Louisiana of the LUTPA claim is insufficient to establish that the Attorney General put the defendant(s) on notice of the potential LUTPA violation. *Andretti Sports Mktg. La., LLC v. NOLA Motorsports Host Comm., Inc.*, 147 F. Supp. 3d 537, 572 (E.D. La. 2015); *F&M Mafco, Inc. v. Ocean Marine Contractors, LLC*, 2019 WL 3306521, at *5–6 (E.D. La. July 23, 2019).

Here, Plaintiff indicated that "[c]oncurrent with the filing of [the] Complaint, [Plaintiff] is providing notice to the Attorney General, . . . so the Attorney General may provide notice to [Defendants] under La. R.S. 51:1409(A)." (Doc. 1, ¶ 82). In addition, within the instant motion, Plaintiff provided a letter from the Attorney General indicating receipt of Plaintiff's notification of the LUTPA claim. (Doc. 19-3). However, Plaintiff has not provided any evidence of actual or attempted notification by the Attorney General to the Defendants regarding the alleged LUTPA violation. As such, the Court, at this time, **DENIES** Plaintiff's request related to treble damages under LUTPA.

The Court will, however, permit Plaintiff to file notice with the Court of his intentions regarding continued pursuit of treble damages under LUTPA. The Court will withhold the entry of a final judgment (and thus any determination on attorneys' fees) until Plaintiff has had the opportunity to inform the Court of his LUTPA intentions.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion For Entry Of Default Judgment (Doc. 19)** be and is hereby **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff shall file notice with the Court within seven days of the entry of this Order as to his intention to continue pursuit of treble damages under LUTPA.

Baton Rouge, Louisiana, this 15th day of March, 2023

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**